**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

PDL BioPharma, Inc.,

                              Plaintiff,

        v.                      Civil Action No. 1:23-cv-02289-RLY-MKK

Eli Lilly and Company,

                              Defendant.

**UNIFORM STIPULATED PROTECTIVE ORDER**

**I.    INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c)(1), hereby stipulate to the following provisions of this Court's Uniform Stipulated Protective Order.

**II.    DEFINITIONS**

    A.    "Copies" shall mean any photocopies, reproductions, duplicates, extracts, summaries, or descriptions of a document and/or Protected Material.

    B.    "Documents" shall be defined as it is in Federal Rule of Civil Procedure 34, including electronically stored information, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony and deposition exhibits.

C. "Party" shall mean any party to this Proceeding, any employee of any such party, any retained experts of such party, and any external counsel, including their paralegals and assistants, for such party.

D. "Proceeding" shall mean Civil Action No. 1:23-cv-02289-RLY-MKK in the Southern District of Indiana.

E. "Producing Party" shall mean any Party or any other person that produces Document(s) in this Proceeding.

F. "Protected Health Information" or "PHI" has the same scope and definition as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, "HIPAA Rules"), including specifically 42 C.F.R. Part 2, and 45 C.F.R. §§ § 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (together with the HIPAA Rules, "Privacy and Security Rules") as well as the definitions and guidance set forth in 45 C.F.R. § 160.103 and § 164.501.  Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual and the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.  It also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from PHI including payment for care provided to an individual, regardless of form or format.  PHI also includes information that contains the following identifiers of a patient:

1. names;

2. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

3. all elements of dates (except year) directly related to an individual, including birth date, admission date, discharge date, age, and date of birth;

4. telephone numbers;

5. fax numbers;

6. electronic mail addresses;

7. social security numbers;

8. medical record numbers;

9. health plan beneficiary numbers;

10. account numbers;

11. certificate/license numbers;

12. vehicle identifiers and serial numbers, including license plate numbers;

13. device identifiers and serial numbers;

14. web universal resource locaters ("URLs");

15. internet protocol ("IP") address numbers;

16. biometric identifiers, including finger and voice prints;

17. full face photographic images and any compatible images;

18. any other unique identifying number; characteristic, or code; and

19. any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

G. "Protected Material" means information that the Designating Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with Section III of this Order.

## III. SCOPE OF PROTECTED INFORMATION

In the course of discovery in this Proceeding, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the Producing Party or a non-party. The parties anticipate production of the following categories of protected information: (1) "CONFIDENTIAL" information and (2) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

Information may be designated "CONFIDENTIAL" if the designating party reasonably believes in good faith that the information contains, embodies, refers to, and/or reflects non-public information (regardless of how it is generated, stored, or maintained) that is not generally known and which the designating party would not normally reveal to third parties. Such information, for example, may include confidential financial, proprietary, or commercial information or confidential personal information, or other information required by law or agreement to be kept confidential. Any information that is subject to federal, state, or foreign data protection laws or other privacy obligations shall also be treated as "CONFIDENTIAL."

Information may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the designating party reasonably believes in good faith that the information contains, embodies, refers to, and/or reflects confidential information that the designating party reasonably believes could cause significant economic and/or competitive harm to the designating party if disclosed to third parties, certain officers, directors, employees, consultants, and/or agents of the receiving party. Such information, for example, may include, but is not limited to, trade secrets;

4

pricing information; non-public financial, organizational, or operational information; sales, marketing, and strategic forecasts and plans; licenses and licensing agreements; technical information relating to the design, development, engineering, research, testing, operation, and production of products; personal employee information; unpublished pending domestic or foreign patent applications; and other non-public information of similar sensitivity.

Any PHI shall be deemed Protected Material and, as such, subject to the terms of this Order. Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely returned or destroyed pursuant to the provisions of Section IX of this Order.

This Order authorizes the disclosure of information protected by HIPAA, as amended by the HITECH Act, including all applicable Privacy and Security Rules. This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

## IV.   DESIGNATION OF PROTECTED INFORMATION

A.   <u>Scope</u>:   This Order governs the production and handling of any protected information in this Proceeding. Any party or non-party who produces protected information in this Proceeding may designate it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a Document, deposition, transcript, or other material that contain the protected information and refrain from designating entire Documents. Regardless of any designations made hereunder, the Designating Party is not

otherwise restricted from use or disclosure of its protected information outside of this Proceeding. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

      B.    <u>Application to Non-Parties</u>: Before a non-party is given Copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this Proceeding must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

      C.    <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      D.    <u>Manner of Designation</u>: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and

identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each designated page of the Document or electronic image.

## V.  CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## VI.  LIMITED ACCESS/USE OF PROTECTED INFORMATION AND SECURITY OF PROTECTED INFORMATION

A. <u>Restricted Use</u>: Information that is produced or exchanged in the course of this Proceeding and designated under this Order may be used solely for the preparation, trial, and any appeal of this Proceeding, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage

of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party 10-days' notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party prior to responding to, or producing any Documents in response to, the subpoena. Any use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

      B.      <u>Access to "CONFIDENTIAL" Information</u>: The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

      1.      The Court, its personnel, and court reporters;

      2.      Counsel of record for any party in this Proceeding and their employees who assist counsel of record in this Proceeding and are informed of the duties hereunder;

      3.      The parties, including their agents and employees who are assisting or have reason to know of this Proceeding, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

      4.      Parties who assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to: court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to "CONFIDENTIAL" information, so long as each such individual has signed the acknowledgement to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5.  Outside photocopying, graphic production services, electronic discovery vendors, data entry support, forensic technologists or other litigation technology support services, as necessary for use in connection with this Proceeding;

6.  Experts or consultants employed by the parties or their counsel for purposes of this Proceeding, so long as:

    a.  such consultants or experts are not presently employed by the parties hereto for purposes other than this Proceeding;

    b.  before access is given, the consultant or expert has signed <u>Exhibit A</u>;

    c.  the party retaining the consultant or expert serves the completed <u>Exhibit A</u> upon the other party, along with:

        i.  a current curriculum vitae of the consultant or expert, including a list identifying the consultant's or expert's current employer and his or her former employers in the previous ten (10) years and a list of all his or her publications from the previous ten (10) years;

        ii.  a list identifying by case name, case number, and court/agency of any litigation in which the consultant or expert offered expert testimony (at deposition, hearing, or trial) in the previous four (4) years;

        iii.  a list identifying each person or entity for which the consultant or expert has consulted during the previous ten (10) years, including the nature and time period of such consultancy, provided that the proposed expert or consultant is not otherwise prohibited due to

9

confidentiality obligations to a non-party from disclosing such information; and

  iv. at least ten (10) days have elapsed after service of the completed <u>Exhibit A</u> without the other party's having served an objection to the disclosure of "CONFIDENTIAL" information to the consultant or expert upon the party retaining such consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within fifteen (15) days of service of the objection, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

 7. Other witnesses or persons with the Designating Party's consent or by court order.

 C. <u>Access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " Designations</u>: The parties and all persons subject to this Order agree that information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

 1. The Court, its personnel, and court reporters;

 2. Counsel of record for any party in this Proceeding and their employees who assist counsel of record in this Proceeding and are informed of the duties hereunder;

3. Parties who assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to: court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, so long as each such expert or consultant has signed the acknowledgement to be bound to these terms that is attached hereto as Exhibit A;

4. Outside photocopying, graphic production services, electronic discovery vendors, data entry support, forensic technologists or other litigation technology support services, as necessary for use in connection with this Proceeding;

5. The following representatives for each party, who must also sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A:

    a. For Plaintiff: Chris Stone;

    b. For Defendant(s): Karen Quirk, Dan Siegfried, Justin Peasant, Sam Rose.

6. Experts or consultants employed by the parties or their counsel for purposes of this Proceeding, so long as:

    a. such consultants or experts are not presently employed by the parties hereto for purposes other than this Proceeding;

    b. before access is given, the consultant or expert has signed Exhibit A;

    c. the party retaining the consultant or expert serves the completed Exhibit A upon the other party, along with:

    i. a current curriculum vitae of the consultant or expert, including a list identifying the consultant's or expert's current employer and his or her former employers in the previous ten (10) years and a list of all his or her publications from the previous ten (10) years;

    ii. a list identifying by case name, case number, and court/agency of any litigation in which the consultant or expert offered expert testimony (at deposition, hearing, or trial) in the previous four (4) years;

    iii. a list identifying each person or entity for which the consultant or expert has consulted during the previous ten (10) years, including the nature and time period of such consultancy, provided that the proposed expert or consultant is not otherwise prohibited due to confidentiality obligations to a non-party from disclosing such information; and

    iv. at least ten (10) days have elapsed after service of the completed <u>Exhibit A</u> without the other party's having served an objection to the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to the consultant or expert upon the party retaining such consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within fifteen (15) days of service of the objection, or within such other time as the parties may agree, seeking a protective order with respect to the proposed

disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

7. Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

D. <u>Review of Witness Acknowledgments</u>: At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of <u>Exhibit A</u> in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand.

E. <u>Non-Waiver Effect of Designations</u>: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this Proceeding or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F. <u>In-Court Use of Designated Information</u>: If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give at least 3-days' advanced notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VII.    SECURITY OF PROTECTED MATERIAL**

Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity and, at a minimum must take reasonable precautions to protect Protected Material from loss or misuse.

(a)     Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b)     An audit trail of use and access to litigation support site(s) shall be maintained while the litigation, including any appeals, is pending;

(c)     No Protected Material, including excerpts from Protected Material, may be inputted into any public, non-compartmentalized generative artificial intelligence system;

(d)     Summaries of Protected Material, including any lists, memoranda, indices, or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(e)     If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and

scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

## VIII.   CLAW-BACK REQUESTS

A.   <u>Failure to Make Designation</u>:  If, at any time, a party or non-party discovers that it produced or disclosed protected information without a confidentiality designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked Copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.   <u>Production of Privileged Information</u>:  Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure, inadvertent or otherwise, of Documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure shall not constitute a waiver of the privilege or protection in this Proceeding or any state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing herein is intended to or shall serve to limit a party's right to conduct a review of Documents, electronically stored information, or other information

(including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Upon receiving notice of a claim of privilege from the Designating Party, the Receiving Party must, within three (3) days of receiving such notification, return, sequester, or destroy and confirm destruction of the specified material or information, including all copies, notes, and/or summaries thereof, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party shall refrain from any further examination of the produced material or use of the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material until the Court rules on the issue. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return, sequestration, or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected Documents. If the Receiving Party becomes aware during the review of any material that it reasonably believes is privileged or subject to other protection, the Receiving Party shall notify the Designating Party and sequester the material until the Designating Party has had a reasonable opportunity to respond.

## IX.   DURATION/CONTINUED RESTRICTIONS

A.   <u>Handling of Designated Information Upon Conclusion of Proceeding</u>:   Upon conclusion of this Proceeding, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this Proceeding returns or destroys all of its Copies, regardless of the medium in which it was stored. Within 60 days after the later of dismissal of this Proceeding or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated

16

information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

  B. <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this Proceeding.

## X. REQUESTS TO SEAL

This Protective Order does not authorize a party to file or maintain a Document under seal. Any party that seeks to file any Document, or any portion of a Document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

For PDL Biopharma, Inc.:

Signature: *Craig M. McKee*

Date: August 16, 2024

For Eli Lilly and Company:

Signature: *Ryan J. Moorman*

Date: August 16, 2024

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| PDL BioPharma, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Eli Lilly and Company, <br><br> Defendant. | Civil Action No. 1:23-cv-02289-JPH-MKK <br><br> **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Uniform Stipulation Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Signature: _____

Date: _____