# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PDL BioPharma, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-02289-RLY-MKK |
| ) | |
| v. ) | HIGHLY CONFIDENTIAL – |
| ) | ATTORNEYS' EYES ONLY |
| Eli Lilly and Company, ) | |
| ) | |
| Defendant. ) | |

**ELI LILLY AND COMPANY'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND**
**SET OF INTERROGATORIES (NOS. 6-8)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and this Court's Civil Local Rules, Defendant Eli Lilly and Company ("Lilly") submits the below responses and objections to Plaintiff PDL BioPharma, Inc.'s ("PDL") Second Set of Interrogatories served on September 30, 2024 ("Interrogatories" or "Requests").

Lilly responds to the Interrogatories below based on its present knowledge, information, or belief, after conducting a reasonable investigation, and reserves the right to revise, supplement, or amend its responses and objections, including where additional facts, circumstances, or information come to light through the course of discovery.

**LILLY'S RESPONSES**

**INTERROGATORY NO. 6:** State the full factual basis for Your allegation that Donanemab is not a Licensed Product under the Agreement. To be complete, Your answer must identify the individuals most knowledgeable about what constitutes a Licensed Product and all documents relied on or considered in preparing Your answer.

**RESPONSE TO INTERROGATORY NO. 6:** Lilly incorporates its General Objections and Objections to the Instructions and Definitions as if fully set forth herein. Lilly further objects to

1

Interrogatory No. 6 to the extent it improperly imposes the burden of proof on Lilly as it relates to the status of donanemab as a Licensed Product. PDL bears the burden of proof on all of its claims, including its claim that donanemab is a Licensed Product subject to the Agreement.

Lilly further objects to Interrogatory No. 6 to the extent it seeks information that is the subject of expert testimony. Lilly will produce any expert discovery responsive to this Interrogatory pursuant to the schedule set forth in the Revised Case Management Plan, as amended. Lilly further objects to Interrogatory No. 6 to the extent that it asks for a legal conclusion. In responding to this Interrogatory No. 6, Lilly will provide the factual basis for its contention that donanemab is not a Licensed Product, but it will not provide legal arguments or legal interpretations in support of positions it may take in this matter.

Subject to and without waiving its objections, Lilly responds as follows: donanemab does not "incorporate" "substantially all of" any "variable region of" a Humanized Antibody. Lilly humanized (and otherwise developed) donanemab independently, as described in Lilly's Response to PDL's Interrogatory No. 3, which Lilly incorporates by reference herein.

Lilly understands that PDL contends that sequence similarity is sufficient to purportedly establish that donanemab "incorporate[s]" "substantially all of" a PDL Humanized Antibody. Yet, nowhere does PDL allege that Lilly, in fact, "incorporated" any portion of a PDL Humanized Antibody.

Because donanemab does not "incorporate substantially all of at least one (1) variable region of the Humanized Antibody(ies) developed by PDL under th[e] Agreement" as is required by the Agreement, donanemab is not a Licensed Product.

The person most knowledgeable about the humanization of donanemab is Dr. Ying Tang, Ph.D. VP-Research, Biotechnology Discovery Research, LRL.

Lilly's investigation is ongoing and Lilly reserves the right to supplement, revise, or amend its Response to this Interrogatory as discovery and Lilly's investigation in this Action proceed.

**INTERROGATORY NO. 7:** State the full factual basis for Your allegation that Donanemab does not incorporate PDL Technical Information. To be complete, Your answer must identify the individuals most knowledgeable about what constitutes PDL Technical Information and all documents relied on or considered in preparing Your answer.

**RESPONSE TO INTERROGATORY NO. 7:** Lilly incorporates its General Objections and Objections to the Instructions and Definitions as if fully set forth herein. Lilly further objects to Interrogatory No. 7 to the extent it improperly imposes the burden of proof on Lilly as it relates to whether donanemab incorporates "PDL Technical Information," as defined in the Agreement. PDL bears the burden of proof on all of its claims, including its claim that donanemab incorporates PDL's Technical Information.

Lilly further objects to Interrogatory No. 7 to the extent it seeks information that is the subject of expert testimony. Lilly will produce any expert discovery responsive to this Interrogatory pursuant to the schedule set forth in the Revised Case Management Plan, as amended. Lilly further objects to Interrogatory No. 7 to the extent that it asks for a legal conclusion. In responding to this Interrogatory No. 7, Lilly will provide the factual basis for its contention that donanemab does not incorporate PDL Technical Information, but it will not provide legal arguments or legal interpretations in support of positions it may take in this matter.

Subject to and without waiving its objections, Lilly responds as follows: donanemab does not incorporate "PDL's Technical Information," as defined in the Agreement, because donanemab does not incorporate any "inventions, discoveries, known-how, trade secrets,

3

information, experience, technical data, formulas, procedures, results, or materials (including any biological materials and samples) which are rightfully held by PDL and which technical information is necessary for the research, development, registration, manufacture, use or sale of the Humanized Antibody." Lilly humanized (and otherwise developed) donanemab independently, as described in Lilly's Response to PDL's Interrogatory No. 3, which Lilly incorporates by reference herein. Further, the two broad categories of PDL Technical Information that PDL contends Lilly used or relied on—(1) the method of selecting human frameworks and (2) Lilly's identification of the steric clash and decision to make a point mutation to address the physical interference at position 36—are not PDL Technical Information, nor were they shared by PDL with Lilly under the Agreement. Indeed, both were disclosed by third parties, including but not limited to by Dr. Greg Winter and his colleagues, prior to PDL's purported invention thereof and thus cannot constitute PDL Technical Information. For example, a 1988 publication by Reichmann et al., titled "Reshaping human antibodies for therapy" discloses mutating a single residue to the murine residue to address a physical interference between the framework and one or more CDR residues. Use of "the same gene subgroup as the Vk segments that PDL selected" likewise is not evidence of the use of PDL Technical Information, as these frameworks are publicly available and numerous other antibodies utilize human germline frameworks from the same gene family. The frameworks are not PDL Technical Information at least because they are not "rightfully held by" PDL. Because donanemab was developed by Lilly, independent of any work performed by PDL or any information otherwise provided to Lilly by PDL, donanemab does not and cannot incorporate any "PDL Technical Information."

The person most knowledgeable about the humanization of donanemab is Dr. Ying Tang, Ph.D. VP-Research, Biotechnology Discovery Research, LRL.

Lilly's investigation is ongoing and Lilly reserves the right to supplement, revise,

or amend its Response to this Interrogatory as discovery and Lilly's investigation in this Action proceed.

**INTERROGATORY NO. 8:** Describe in detail any testing to characterize the binding affinity, binding specificity, and/or binding epitope of Donanemab and any testing relating to the humanization and structure of Donanemab, such as testing relating to the cloning, sequencing, sequence alignments, homology testing, molecular modeling, crystal structure, site-directed mutagenesis, purification, or expression of Donanemab.

**RESPONSE TO INTERROGATORY NO. 8:** Lilly incorporates its General Objections and Objections to the Instructions and Definitions as if fully set forth herein. Lilly objects to this Interrogatory as consisting of multiple discrete subparts that separately count towards PDL's total permissible number of interrogatories under Fed. R. Civ. P. 33.

Lilly also objects to Interrogatory No. 8 as vague and ambiguous as to the phrase "describe in detail any testing." Lilly objects to this Interrogatory because it is overbroad, unduly burdensome, and calls for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it seeks information not related to the humanization of donanemab.

Lilly objects to this Interrogatory because all testing relating to the binding affinity and binding specificity are overbroad, unduly burdensome, and not proportional to the needs of the case as it calls for information not relevant to any of the claims or defenses in this Action because it is not sufficiently tailored to the humanization of donanemab. Lilly also objects to this Interrogatory because all testing relating to the epitopes to which donanemab binds is overbroad, unduly burdensome, and not proportional to the needs of the case, as it calls for information not relevant to any of the claims or defenses in this Action, because it is not sufficiently tailored to the humanization of donanemab. Under the Agreement, "LILLY [had] provide[d] to PDL at least three (3) LILLY Antibodies to be

5

Dated: October 30, 2024                                  Respectfully submitted,

                                                      /s/ *Ryan J. Moorman*
                                                      James F. Hurst
                                                      James R. P. Hileman
                                                      Ryan J. Moorman
                                                      Kirkland & Ellis, LLP
                                                      333 West Wolf Point Plaza
                                                      Chicago, IL 60654
                                                      Telephone: (312) 862-2000
                                                      Facsimile: (312) 862-2200
                                                      james.hurst@kirkland.com
                                                      james.hileman@kirkland.com
                                                      ryan.moorman@kirkland.com

                                                      Todd Vare
                                                      Amanda Gallagher
                                                      Barnes & Thornburg LLP
                                                      11 s. Meridian Street
                                                      Indianapolis, IN 46204
                                                      Telephone: (317) 231-7735
                                                      todd.vare@btlaw.com
                                                      amanda.gallagher@btlaw.com

                                                      *Counsel for Eli Lilly and Company*

## **CERTIFICATE OF SERVICE**

      I certify that on this date, October 30, 2024, I caused copies of the responses and objections to PDL's second set of interrogatories to be served via electronic mail on the following counsel:

Craig M. McKee
Wilkinson, Goeller, Modesitt, Willkson & Drummy, LLP
333 Ohio Street
Terre Haute, Indiana 47807
cmmckee@wilkinsonlaw.com

Jordan B. Fernandes
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
jfernandes@orrick.com

Jessica Stern
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
jstern@orrick.com

Carly Romanowicz
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116
cromanowicz@orrick.com

OF COUNSEL:
David I. Gindler
Lauren N. Drake
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA 90071-1596
dgindler@orrick.com

                                  */s/ Ryan J. Moorman*
                                  Ryan J. Moorman