# Exhibit 4

**Transition Services Agreement**


**PDL BioPharma, Inc.,**
a Delaware corporation

and

**Facet Biotech Corporation,**
a Delaware corporation


Dated as of December 18, 2008

WEST\21386896.8

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PDL_DONA_0028432

## Transition Services Agreement

This Transition Services Agreement (this "Agreement") is entered into as of December 18, 2008, by and between PDL BioPharma, Inc., a Delaware corporation ("PDL"), and Facet Biotech Corporation, a Delaware corporation ("Facet"), each a "Party" and together, the "Parties". Capitalized terms not defined herein shall have the meaning set forth in that certain Separation and Distribution Agreement dated as of December 17, 2008 by and between the Parties, as amended or otherwise modified from time to time (the "Separation Agreement"). This Agreement shall be effective on the Distribution Date, as defined in the Separation Agreement.

### Recitals:

WHEREAS, the Board of Directors of PDL has determined that it is appropriate, desirable and in the best interests of PDL and its stockholders to separate PDL into two separate, independent and publicly traded companies;

WHEREAS, to effect this separation the Parties entered into the Separation Agreement;

WHEREAS, the Parties have agreed to enter into this Agreement in order for PDL to assist Facet, and for Facet to assist PDL, each for a period from and after the Distribution Date, by providing to Facet and PDL, respectively, certain services and support not otherwise specified in the Separation Agreement or any other Ancillary Agreement.

NOW, THEREFORE, in consideration of the foregoing premises, the mutual promises and covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

### Article 1
### Definitions

As used in this Agreement, the following capitalized terms shall have the following meanings:

1.1    "Additional Service" shall have the meaning set forth in Section 2.7(a).

1.2    "Agreement Dispute" shall have the meaning set forth in Section 11.

1.3    "Business" shall mean the PDL Business or the Facet Business, as applicable.

1.4    "Default Interest Rate" shall have the meaning set forth in Section 3.2(b).

1.5    "Due Date" shall have the meaning set forth in Section 3.2(a).

1.6    "Facet Project Manager" shall have the meaning set forth in Section 2.9.

1.7    "Facet Services" shall mean the enumerated services described on Schedule B attached hereto.

1.8    "Fee" or "Fees" shall have the meaning set forth in Section 3.1(a).

1.9    "Force Majeure" shall mean, with respect to a Party, an event beyond the reasonable control of such Party (or any Person acting on its behalf), which by its nature could not have been foreseen by such Party (or such Person), or, if it could have been foreseen, was unavoidable, and includes

WEST\21386896.8                                    1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    PDL_DONA_0028433

acts of God, storms, floods, earthquakes, hurricanes, riots, pandemics, fires, sabotage, strikes, lockouts, civil commotion or civil unrest, interference by civil or military authorities, acts of war (declared or undeclared) or armed hostilities or other national or international calamity or one or more acts of terrorism.

1.10    "PDL Project Manager" shall have the meaning set forth in Section 2.9.

1.11    "PDL Services" shall mean the enumerated services described on Schedule A attached hereto.

1.12    "Schedules" shall mean Schedule A and Schedule B attached hereto.

1.13    "Service" shall mean any of the Facet Services or the PDL Services, as applicable.

1.14    "Service Provider" shall mean PDL with respect to the PDL Services, and Facet with respect to the Facet Services.

1.15    "Service Recipient" shall mean Facet with respect to the PDL Services, and PDL with respect to the Facet Services.

1.16    "Services Group" shall mean any Services or group of Services identified on one of the Schedules for which a single, separate Fee is specified on such Schedule.

1.17    "Services Term" shall have the meaning set forth in Section 4.1.

## Article 2
## Services

2.1    Scope of Services.

(a)    Facet hereby retains PDL to provide, and PDL hereby agrees to provide, the PDL Services to Facet or any of its Subsidiaries, as designated by Facet, during the relevant Services Term.

(b)    PDL hereby retains Facet to provide, and Facet hereby agrees to provide, the Facet Services to PDL or any of its Subsidiaries, as designated by PDL, during the relevant Services Term.

(c)    Notwithstanding anything to the contrary in this Agreement, (i) the PDL Services shall be available to Facet or any of its Subsidiaries only for the purposes of conducting the Facet Business substantially in the same manner as it was conducted immediately prior to the Distribution Date; and (ii) the Facet Services shall be available to PDL or any of its Subsidiaries only for the purposes of conducting the PDL Business substantially in the same manner as it was conducted immediately prior to the Distribution Date.

2.2    Provision of Services. The PDL Services may be directly provided by PDL or may be provided through any of its Affiliates or subcontractors, and the Facet Services may be directly provided by Facet or may be provided through any of its Affiliates or subcontractors; provided, however, that the applicable Service Provider shall remain responsible, in accordance with this Agreement, for performance of any Service it causes to be so provided.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    PDL_DONA_0028434

IN WITNESS WHEREOF, the Parties caused this Transition Services Agreement to be duly executed as of the day and year first above written.

**PDL BioPharma, Inc.,**
a Delaware corporation

By:
Name: John P. McLaughlin
Title:    President and Chief Executive Officer


**Facet Biotech Corporation,**
a Delaware corporation

By:
Name: Faheem Hasnain
Title:    President and Chief Executive Office


TRANSITION SERVICES AGREEMENT
SIGNATURE PAGE

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## SCHEDULE B

### Facet Services

The Services Term for each of the Facet Services shall expire on the earlier of (i) the completion of such Facet Services or (ii) either six (6) months after the Distribution Date or the specified dates stated below.



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Corporate Communications and Investor Relations**



**Business Strategy**



**Legal**

♦ Assist with historical knowledge transfer for intellectual property, royalty, and SEC-related matters for up to thirty-six (36) months after the Distribution Date.

♦ Provide documents and historical knowledge transfer to reasonably assist PDL with investigations, defense or prosecution of claims related to the PDL Business for up to thirty-six (36) months after the Distribution Date.

**Regulatory**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PDL_DONA_0028445